UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT RIGGINS, | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| v. | § | CASE NUMBER: 1:21-cv-00341 |
| | § | |
| | § | |
| CREDIT MANAGEMENT, LP, | § | |
| *Defendant* | § | DEMAND FOR JURY TRIAL |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Robert Riggins ("Plaintiff" or "Riggins" herein), brings this action against Defendant, Credit Management, LP ("Credit Management" or "Defendant" herein), and will show as follows:

PRELIMINARY STATEMENT

1. This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), for damages and other relief for the Defendant's violations of the FDCPA in connection to the improper collection of time barred consumer debt without proper disclosure.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1337(a) and 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. §1391(b)(2) because the acts and transactions occurred in this district.

## STANDING

4. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

5. Plaintiff further suffered a concrete injury because of Defendant's violations contained herein.

6. Plaintiff further suffered a concrete informational injury because of Defendant's failure to provide truthful information in connection with attempts to collect an alleged consumer debt from Plaintiff.

## THE PARTIES

7. Plaintiff, Robert Riggins, is an individual who resides in a geographical area within the Austin Division of the Western District of Texas.

8. Defendant, Credit Management, LP, is a foreign limited partnership that is authorized to do business in Texas. Service may be completed on the following registered agent:

> CT Corporation System
> 1999 Bryan Street, Suite #900
> Dallas, Texas 75201

## FACTUAL ALLEGATIONS

9. Plaintiff is a "consumer" as that term is defined by §1692a(3) of the FDCPA.

10. Plaintiff incurred an alleged debt for goods and services for personal, family, or household purposes, for certain medical treatment that he received from ARA Diagnostic Imaging in connection with medical debts (collectively "alleged debt" herein).

11. The alleged debt is a "debt" as that term is defined by §1692a(5) of the FDCPA.

12. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it subsequently went into default.

13. The alleged debt was subsequently transferred to Credit Management, a debt collector.

14. Credit Management regularly collects or attempts to collect defaulted consumer debts by using the telephone and mails.

15. Credit Management is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

16. On or about March 19, 2021, Credit Management transmitted credit information regarding the alleged debt to Equifax, and specifically listed the date of first delinquency as "February 27, 2015" and the amount of the alleged debt as $1031.00.

17. On or about March 24, 2021, Riggins disputed the alleged debt online at the website of Credit Management.

18. On or about April 12, 2021, Credit Management responded to the dispute and sent to Plaintiff a written response, with no itemization of charges, and instead sought to collect the alleged balance of $1031.07 regarding the alleged debt ("Letter A" and/or "Exhibit A" herein that is partially redacted in accordance with FRCP 5.2).

19. The bottom of page one of the Letter lists different payment options for the alleged debt, including "payment arrangements". Moreover, page two of the Letter contains a payment voucher with instructions to tender the $1031.07 of the alleged debt.

20. After receipt of the Letter, Plaintiff subsequently received a detailed itemization of the alleged debt directly from the original creditor. The itemization confirmed that the alleged debt was based on four medical charges with service dates ranging from to June 28, 2014 to February 27, 2015, and with the last payment by Plaintiff on May 18, 2015.

21. Consequently, the entire balance of the alleged debt in the Letter is time barred under Texas statute of limitations (Tex. Civ. Prac. & Rem. Code Ann. §16.004(a)(3)), which provides that a claim breach of contract must be brought not later than four years after the day the cause of action accrues.

22. Plaintiff has information and belief that at the time that Credit Management sent the Letter to Plaintiff, it was aware that the alleged debt was time barred because a) it listed the 2015 delinquency date on the Equifax report and b) Credit Management, by its own admission in the Letter, had already investigated the dispute with the original creditor.

23. It is also clear that Credit Management had already investigated the claim with the creditor prior to sending the Letter, in so much as the language on the first page of the Letter states that "We have notified our client, Ara Diagnostic Imaging, of your dispute and they have verified that the information on this account is true and accurate".

24. Plaintiff alleges that the Letter was false and misleading to the unsophisticated/least sophisticated consumer because it failed to disclose in any way a) that the alleged debt was time barred debt and unenforceable, and b) that any partial payment could reinstate the applicable statute of limitations. *See Daugherty v. Convergent Outsourcing,* Inc., 836 F.3d 507 (5th Cir. 2016).

25. At the top of page one on the Letter, Credit Management lists the following information: a) creditor, b) account number and c) amount due, but with no reference to the *date* of the underlying charges or delinquency date.

26. Plaintiff therefore further alleges that the Letter was further false and misleading to the extent that it failed to list the delinquency date or the date of the charges, information which might have warned Plaintiff or an unsophisticated consumer that the alleged debt was time barred.

27. The Letter was a "communication" as that term is defined in 15 U.S.C. §1692a(2).

## COUNT I—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

29. **15 U.S.C. §1692(e)(2)(A) and (10) of the FDCPA provide as follows:**

    **FALSE OR MISLEADING REPRESENTATIONS**

    **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

    **(2) The false representation of—
       (A) the character, amount, or legal status of any debt;**

    **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

30. Plaintiff alleges that Credit Management violated sections (2)(A) and (10) of 15 U.S.C. §1692e with the Letter by seeking the collection and settlement of the alleged debt that was time barred under Texas statute of limitations a) without disclosing that the alleged debt was time barred, b) without disclosing that a partial payment on the time barred alleged debt could restart the statute of limitations (especially since the Letter offered payment arrangements), and c) the failure to inform Plaintiff of the date of the original charges and the delinquency date of the alleged debt.

## COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

32. **15 U.S.C. §1692(f) of the FDCPA provides as follows:**

   **UNFAIR PRACTICES**

   **(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

33. Plaintiff alleges in the alternative that, to the extent that the Letter does not violate sections (2)(A) and (10) of 15 U.S.C. §1692e, the Letter constituted unfair practices in so much as it used unfair and unconscionable means to collect a time barred debt without disclosing the debt is time barred and unenforceable, without warning the Plaintiff of the danger of a partial payment reinstating the statute of limitations, and without providing the date of the original charges and delinquency date.

## REQUEST FOR ATTORNEYS' FEES

34. Plaintiff seeks reasonable attorneys' fees as per the FDCPA and any other statutory or common law basis.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby demands a trial by jury.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Robert Riggins, prays that the Defendant, Credit Management, LP, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, as follows:

a. The Court award Plaintiff actual and additional/statutory damages pursuant to 15 U.S.C. §1692(k)(a)(1) and (a)(2);

b. The Court award Plaintiff, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §1692(k)(a)(3) and any other applicable statute or legal basis;

c. The Court award Plaintiff, prejudgment, and post judgment interest as allowed by law;

d. The Court grant Plaintiff, such further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com

*Attorney for Plaintiff*
*Robert Riggins*